In re CENTRAL MOTOR LINES, INC., Debtor.

BUDD LEASING CORP., Plaintiff,

v.

CENTRAL MOTOR LINES, INC., Defendant.

Bankruptcy No. 82–00904–BKC–TCB.

Adv. No. 82–0583–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

Aug. 19, 1982.

---

Robert E. Venney, Miami, Fla., for defendant.

Andrew Tramont, Jr., Buffalo, N.Y., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff, a judgment creditor of the debtor, seeks relief from the automatic stay under 11 U.S.C. § 362(d). (C.P. No. 1). The debtor defendant has answered and asserted as a counterclaim its rights under 11 U.S.C. § 544. (C.P. No. 3). The matter was tried on July 29, 1982.

The essential facts are not in dispute. A consent judgment was entered in favor of plaintiff and against the debtor in North Carolina on May 29, 1980 in the amount of $210,000. Plaintiff perfected the judgment and obtained a lien on all the real property of the debtor in Mecklenburg County, North Carolina. A substitute judgment in the amount of $587,000 was prepared contemporaneously and placed in escrow to become effective in the event of default by the debtor under the terms of the consent judgment.

The debtor paid $141,500 in installments. On April 5, 1982 the debtor did not pay the amount due as a weekly installment and continued to be delinquent in payments. It is not disputed that the debtor has by its default breached the agreement and that plaintiff now has a valid judgment against the debtor in the amount of $587,000. The debtor filed a petition under chapter 11 on May 18, 1982.

Plaintiff seeks relief from the automatic stay in order to record its substitute judgment in Mecklenburg County, North Carolina. If plaintiff is permitted to perfect its judgment it will be secured to the full amount of the judgment, less the amount paid by the debtor to date, $68,500. The North Carolina property, which secures the judgment, is no longer property of this estate. It was conveyed May 1981. The present owner is not a party here.

The debtor-in-possession argues that §§ 1107(a) and 544(a) give it the rights and benefits of a judgment creditor with a perfected lien as of the date of bankruptcy against all of its own property and that plaintiff's failure to perfect its larger lien before bankruptcy should preclude it being permitted to perfect that lien now. 4 *Collier on Bankruptcy* (15th ed.) § 544.03[1] n. 25.

The debtor does not persuade me.

To begin with, § 544 has no apparent application to this case since the hypothetical lien it provides does attach only to the debtor's property and the property involved here was not the debtor's property on the date of bankruptcy. There is, therefore, no practical or equitable purpose to be served by preventing perfection of this lien.

Secondly, and independently of the foregoing consideration, this particular lien would not be avoidable under § 544 in any event. Plaintiff's judgment of May 29, 1980 for $210,000 was duly perfected. That judgment unmistakeably and unambiguously provided that failure of the debtor to comply with a specified schedule of payments would escalate the judgment to its original amount, $587,000.

> "Plaintiff's counsel may docket the substitute judgment upon default and thereupon proceed with all collection rights provided by law."

The purpose of statutes requiring recordation is to protect innocent creditors from secret liens. An innocent creditor examining the record here on the date of bankruptcy would have been explicitly warned that plaintiff's lien would escalate on default. On inquiry, he would have learned that default had in fact occurred before bankruptcy. If plaintiff's consent judgment for the escalated amount is now recorded, no creditor may complain of surprise under the recordation statute. Section 544, which gives the debtor no better position than that of an innocent creditor, has no application here.

To now permit the plaintiff to record the accelerated judgment is analogous to per-

mitting a mortgage to accelerate a defaulted loan and to proceed with foreclosure. It is entirely appropriate to permit this plaintiff to do so under § 362(d)(2) where, as here, the debtor has no equity in the property and the property is not necessary to reorganization.

As is required by B.R. 921(a), a separate judgment will be entered modifying the automatic stay to permit plaintiff to record a substitute judgment against the debtor's former property in accordance with the terms of the May 29, 1980 judgment and to proceed with enforcement of that substitute judgment against the property pledged as collateral for that judgment. The amount owed, after giving credit for the sums paid, is $445,000, together with any interest, fees or costs provided by the substitute judgment. Because the present owner of the property is not a party to this action, this judgment does not preclude any defense that any party may have to enforcement of the substitute judgment. Costs will be taxed on motion.